**Elaine PARKER, individually, and in her capacity as the Mother and Best Friend of Rakia Parker, Rakea Parker, and Willie Lee Davis [1], Plaintiff,**

v.

**PRINCE GEORGE'S COUNTY, MARYLAND POLICE DEPARTMENT, et al., Defendants.**

Civil No. PJM 97–1828.

United States District Court, D. Maryland, Southern Division.

Feb. 24, 1998.

**1.** The caption of the Complaint gives the name of Parker's son as Willie Lee Davis, but elsewhere the Complaint refers to Willie Lee Jones. The Court assumes these two names refer to the same person. For purposes of this Opinion, the son will be referred to as Willie Lee Jones.

Michael A. Jeter, Baltimore, MD, for Plaintiff.

Crystal Dixon Mittelstaedt, County Attorney's Office, Upper Marlboro, MD, Warren D. Stephens, Baltimore, MD, for Defendants.

*OPINION*

MESSITTE, District Judge.

Elaine Parker, individually and as the mother and next friend of her two daughters and son, has sued the Prince George's County, Maryland, Police Department, two of its police officers, and the owner/operator of her apartment building, alleging a variety of torts. At this juncture, the Court considers the Motion to Dismiss or in the Alternative for Summary Judgment filed by the apartment owner/operator, JBG Properties, Inc. The Court will GRANT WITH PREJUDICE JBG's Motion to Dismiss.

I.

■ A motion to dismiss may be premised on the failure of a complaint to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). For purposes of such motion, the complaint is construed in a light most favorable to plaintiff and its allegations are taken as true. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint will not be dismissed for failure to state a claim unless it is clear beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Id.*

II.

In the present case, these facts are taken as true:

Parker and her children resided in an apartment located at 3611 Silverpark Drive, Suitland, Maryland. Shortly after 3:00 p.m. on June 6, 1996, Corporal John E. Robinson of the Prince George's County Police Department, along with another unnamed County officer, went to the apartment to serve an arrest warrant on Parker's son, Willie Lee Jones.

When the officers knocked on the door, no one answered. At that point the officers either went down to the building manager's office and sought out an employee (Plaintiffs' version) or a building maintenance technician, responding to the banging on the door, came up to the apartment (Defendant's version), but in any event not a matter of consequence. The maintenance man, Melvin Alston, viewed the two police officers with guns drawn at the door of Parker's apartment, was shown a badge, was shown what he was told was and what he took to be an arrest warrant for Willie Lee Davis, and was asked to procure a passkey to the apartment. Alston provided the key, whereupon he left the building.

According to the Complaint, the police then used the passkey to open the door which, as it happened, had been locked from the inside with a keyed entry chain lock by one of Parker's children, Rakia, who was inside. Robinson purportedly proceeded to kick the door open, shattering the chain lock and, along with the other officer, forcibly entered the apartment with his gun drawn. According to the Complaint, Rakia became so frightened that she leaped from the second floor balcony and fell 15–20 feet to the ground, sustaining bodily injuries.

III.

Although the complaint is somewhat garbled, it appears that Parker and each of her three children are attempting to sue JBG along with the County and the police officers for violation of their civil rights (Counts I through III), solatium (Counts IV through VI), trespass and several other common law torts combined in a single count (Count VII), breach of a duty to prevent unauthorized entry into apartment (Count VIII) and a final cause of action styled "failing to make offer to settle, compromise or address the matters complained of" (Count IX).

IV.

■ Of these multiple, far-fetched theories, the only one that has any semblance of plausibility as far as JBG is concerned is a possible trespass action in favor of Elaine Parker as tenant against JBG as landlord. *See Kessler v. Equity Management, Inc.,* 82 Md.App. 577, 572 A.2d 1144 (1990) (entry by

landlord's employee into leased apartments when tenants were absent and without notice to or permission from tenants would constitute trespass).

That said, however, it is clear, given the allegations of the Complaint, that to the extent that JBG or its agents may be deemed to have entered upon Parker's land, they were privileged to do so. Section 207 of the *Restatement (Second) of Torts*, dealing with the civil liability of one who assists a peace officer in making an arrest, comes closest to the scenario at hand. Section 207 provides:

Entry to Assist in Making Arrest or Other Apprehension.

The privilege to assist in making an arrest or other apprehension carries with it the same privilege to enter land in the possession of another for the purpose of rendering such assistance which the actor would have if he were himself privileged to make the arrest or apprehension.

But as Comment (b) to § 207 points out, "a privilege to assist in an arrest may exist even though the person assisted may not be privileged to make the arrest." This circumstance has particular application where "the actor is assisting a peace officer at the officer's request in making the arrest for a criminal offense and the actor is not convinced that the officer is not privileged to make it." *Restatement (Second) of Torts* § 139(2).

Comment (d) to § 139 sets forth the rationale:

The interest of society in the apprehension of offenders and in the investigation of crime makes it the duty of all persons, upon request, to assist a peace officer in making an arrest, unless there is no doubt that the arrest is unprivileged and tortious. Even a reasonable suspicion or belief that the arrest is unprivileged is not enough to relieve a citizen from the duty of assisting the officer. The officer's need for assistance often arises in a sudden emergency and the assistance must be given at once to be effective. To require a person whom a peace officer calls upon to assist in making an arrest to take the risk of being liable in the event that the officer is not himself privileged to make it, unless such person exercises such judgment and makes such investigation as he would be required to make were he acting on his own initiative, would seriously deter such persons from giving the prompt aid necessary to effect arrests which, save in an insignificant minority of cases, the officer is privileged to make. Therefore, the actor is privileged to rely upon the officer's request and assist him unless the facts are such that the actor knows or is convinced beyond a reasonable doubt that the officer is not himself privileged to make the arrest. Thus, the actor is privileged upon a peace officer's request to assist him in arresting another without a warrant for a past felony unless the actor knows or is convinced beyond a reasonable doubt that the officer's suspicion is unreasonable. So too, if a peace officer requests the actor to assist him in making an arrest under a warrant for a crime, the actor is privileged to do so without being required to inspect the warrant to determine its sufficiency, or even to satisfy himself that the officer has a warrant in his possession. Therefore, unless the actor reads the warrant, the service of which he is asked to assist, he is not affected by any defect in the warrant, no matter how obvious.

*Restatement (Second) of Torts*, § 139 cmt. d.

Maryland law is on the side of what "may be said to represent the weight of authority." *See generally* F.G. Madara, Annotation, "Liability, for False Imprisonment or Arrest, of a Private Person Answering Call of Known or Asserted Peace or Police Officer to Assist in Making Arrest Which Turns Out to Be Unlawful", 29 A.L.R.2d 825 (1953). Thus, in *Edger v. Burke*, 96 Md. 715, 726, 54 A. 986 (1903), the Maryland Court of Appeals held that a private citizen called by a deputy sheriff to effect an arrest "would not be liable in any event if he responded in good faith to the call of (the deputy sheriff) and kept within his orders and directions." The A.L.R. annotation echoes the policy of the *Restatement* rule: "[s]ince every citizen is bound to assist a known police officer in making an arrest when called upon to do so, it would be inequitable to impose liability for conduct which the actor is under a legal obligation to perform." (Footnote omitted). 29 A.L.R.2d at 826. Merely furnishing an apartment passkey to an arresting officer

constitutes a far less intrusive act than would assisting bodily in a person's arrest. A fortiori the rule of no liability should apply here.

 The fact that the apartment owner/operator as landlord may have previously agreed in a lease to a more limited right of re-entry, *e.g.* to make repairs, does not change the result. The privilege to assist one who appears to be a legally constituted police officer to accomplish an arrest necessarily trumps any lease provision. If this were not so, landlords might refrain from performing what is essentially a civic duty for fear of incurring responsibility for damages in a future lawsuit, a most unpalatable prospect. This case, then, presents no occasion for imposing landlord liability.[2]

JBG's Motion to Dismiss will be GRANTED WITH PREJUDICE.

A separate Order will be entered to that effect.

### ORDER

Upon consideration of the Motion of Defendant JBG Properties, Inc. to Dismiss or in the Alternative Motion for Summary Judgment and Plaintiffs' Cross–Motion for Summary Judgment, it is for the reasons set forth in the accompanying Opinion this 24th day of February, 1998

ORDERED that Defendant JBG's Motion to Dismiss is hereby GRANTED and Plaintiff's Cross–Motion for Summary Judgment is hereby DENIED; and it is further

ORDERED that the Complaint against Defendant JBG is hereby DISMISSED WITH PREJUDICE; and it is further

ORDERED that judgment is hereby ENTERED in favor of Defendant JBG and against Plaintiffs; and it is further

2. This is not to say that, in certain circumstances, an apartment operator may not become a "state actor" for purposes of incurring civil liability pursuant to 42 U.S.C. § 1983. The facts of this case, however, fall far short of the "substantial degree of cooperative action" in effecting an arrest that might trigger such liability. *Compare Fraser v. County of Maui*, 855 F.Supp. 1167, 1179 (D.Hawai'i 1994).

At the same time, the mere fact that a landlord may not be authorized to give valid consent to a

ORDERED that this case shall PROCEED against Defendant Prince George's County and Defendant John E. Robinson.

search for Fourth Amendment purposes in criminal cases, *see Chapman v. United States*, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961), has no bearing on whether the landlord who gives such consent thereby opens himself up to civil liability. The rule in civil cases stands. If the landlord has no reason to doubt the bona fides of the officers who enter the premises to effect the arrest, his cooperation in providing access gives rise to no civil liability even if it turns out that the officers have entered unlawfully.